Not for Publication

**United States District Court
for the District of New Jersey**

| | |
|---|---|
| GARDEN STATE PAIN AND RADIOLOGY, P.C. and MANN ANESTHESIA, P.C.<br><br>                              *Plaintiff*,<br><br>     v.<br><br>HORIZON HEALTHCARE SERVICES, INC. D/B/A HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, NON-NEW JERSEY BCBS PLANS 1-10, and JOHN DOES 1-10,<br><br>                              *Defendants*. | Civil No: 15-2878 (KSH)(CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This case comes before the court on a motion by the defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon") seeking to dismiss, under Federal Rule of Civil Procedure 12(b)(6), the ten-count complaint brought by the plaintiffs Garden State Pain and Radiology, P.C. ("Garden State Pain") and Mann Anesthesia, P.C. ("Mann Anesthesia").

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Horizon is a not-for-profit health service corporation that administers and underwrites various forms of health insurance plans, including individual and group plans, such as employer and government sponsored insurance. (D.E. 1, "Compl." ¶ 15.) According to the complaint, the majority of people insured by Horizon are covered as part of a private employee welfare benefit plan, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). (Compl. ¶ 17.) These Horizon insureds generally access covered

medical services by using a member of the network of health care providers who have contractually agreed to participate in the Horizon plan and render care on a "fixed-fee basis." (Compl. ¶ 5.)

Garden State Pain and Mann Anesthesia are non-participating providers of health care services—that is they do not accept Horizon's contractual fee schedule when treating patients covered by Horizon insurance. (Compl. ¶¶ 19-21.) Instead, they are entitled to reimbursement for their services to Horizon insureds at usual, customary, and reasonable rates ("UCR"). (Compl. ¶ 20.) Plaintiffs may request reimbursement directly from Horizon after requiring a patient to sign an Assignment of Benefits form ("AOB"), which "assigns to the Plaintiffs his or her [the insured's] rights and benefits under the Horizon Plan governing the patient's health care services rendered by Plaintiffs." (Compl. ¶ 25.) Plaintiffs claim that patients sign these forms as "a matter of course," and attach a copy of the AOB form that Garden State Pain requires its patients to sign, which states:

> For the professional or healthcare expense benefits allowable and otherwise payable to me under my current insurance policy as payment toward the total charges for the professional services rendered. THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY. This payment will not exceed my indebtedness to the above-mentioned assignee, and I have agreed to pay, in a current manner, any balance of said professional service charges over and above this insurance payment.

(D.E. 1, Ex. A "AOB.")

Both plaintiffs assert that, based on this assignment, they have standing to pursue claims for benefits on behalf of the Horizon insureds under ERISA and the laws of the State of New Jersey. (Compl. ¶ 27.) In a ten-count complaint encompassing federal and state claims they allege:

>automatic, indiscriminate denial of Claims upon receipt by Horizon; extreme and unjustified delays in processing of Claims; efforts to recoup payments without adhering to requirements of [ERISA]; unlawful withholding of payments to offset alleged "overpayments" for unrelated prior claims; adverse benefit determinations lacking any and/or adequate explanation of the reason or reasons for denial or reduction of Claims; failure to provide adequate notification and disclosures; untimely notification; failure to provide information regarding the appeals procedures; and adverse benefit determinations on demonstrably erroneous grounds.

(Compl.¶ 2.) The complaint charges that as a result of Horizon's "wrongful claims processing delay and unsubstantiated claim denial," these health service providers lost no less than $4.9 million. (Compl. ¶ 3.) In its motion Horizon has raised the narrow issue of whether the plaintiffs have standing to bring their complaint through a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

"[W]hen standing is challenged on the basis of the pleadings, we accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 (3d Cir. 2015). The Court reviews challenges to standing that concern a plaintiff's statutory prerequisites under Federal Rule of Civil Procedure 12(b)(6), while general challenges to standing are reviewed under Rule 12(b)(1). *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 n.7 (3d Cir. 2000) (reviewing "injury in fact" through section 1964(c) of RICO under Fed.R.Civ.P. 12(b)(6) as a standing issue based on allegations in the pleading); *see also, e.g., Franco v. Connecticut General Life Inc. Co.*, 818 F. Supp.2d 792, 807 (D.N.J. 2011) (Chesler, J.) (analyzing ERISA section 502(a) standing challenge under the Rule 12(b)(6) standard).

Under Section 502(a) of ERISA, only "a participant or beneficiary" may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C § 1132(a); *see also N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372. A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization or whose beneficiaries may be eligible to receive such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to benefit thereunder." 29 U.S.C. § 1002(8). Since standing is predicated on whether the party bringing the claim is a "participant or beneficiary," this determination is a statutory prerequisite for recovery and it is therefore appropriate for the Court to evaluate the motion to dismiss under the standards applicable to Rule 12(b)(6).

### III. DISCUSSION

#### a. Garden State Pain

The Third Circuit has clarified that health care providers like the plaintiffs, who are "neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372. Horizon argues that the plaintiffs' purported assignment is a limited directive to pay benefits to the provider and to initiate a complaint to the Insurance Commissioner, relying on *North Jersey Brain & Spine Center. v. Aetna, Inc.*, 2014 WL 895407 (D.N.J. Mar. 6, 2014), which held that a similar assignment provided for the right to payment and appeal, but was insufficient to confer derivative standing. On September 11, 2015, after this motion was filed and briefed, the Third Circuit reversed and remanded *North Jersey Brain & Spine Center*, holding that as a "matter of federal common law, when a patient assigns payment of insurance

benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F. at 373. Further, "an assignment of the right to payment logically entails the right to sue for non-payment." *Id*. And as "an assignee's rights derive from the assignor" the assignee may "assert whatever rights the assignors possessed," including the right to bring claims for equitable relief under ERISA.[1] In the interest of increasing patients' access to health care and to promote uniformity in ERISA interpretation, the Third Circuit found an AOB analogous to the one in this case was sufficient to confer standing on the health services providers. *Id.* at 374. Accordingly, this Court finds Garden State Pain's AOB confers derivative standing under § 502(a).

In the alternative, Horizon argues that because it is still the patient's ultimate responsibility to pay the balance of the charges to the medical providers, there is not a valid assignment. The plaintiff provider in *North Jersey Brain & Spine Center* had reserved the right to bill the patients for any amount not covered by insurance, but was only suing the insurer. 801 F.3d at 371. In that analogous factual scenario, the Third Circuit held that the existence of a valid assignment does not "require a court to determine whether an implied term of the assignment is that a provider must make a reasonable effort to collect from the insurer before attempting to collect from the patient." *Id.* at 374 n.5. Nor does the reservation of the right to bill patients otherwise undermine the validity of the assignment. Therefore, the Court rejects Horizon's argument and the validity of the assignment remains without legitimate challenge.

  b. **Mann Anesthesia**

---

[1] In his reconsideration of *Premier Health Center, P.C. v. UnitedHealth Group,* 2012 WL 1135608 (D.N.J. Apr. 4, 2012) (Salas, J.), Judge Debevoise cites to 29 U.S.C. § 1132(a)(3), which states that an ERISA action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief." 2014 WL 4271970 at *12 (Aug. 28, 2014).

Unlike Garden State Pain, Mann Anesthesia has not provided this Court with a copy of the AOB it required patients to sign, nor has it reflected the language of its AOB in its submissions.  The Court cannot conclusively determine the scope of the assignment without the submission of the assignment form. *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, 2013 WL 5780815 at *4 (D.N.J. Oct. 25, 2013) (Linares, J.); *see also Premier Health Center, P.C. v. UnitedHealth Group,* 2012 WL 1135608 (D.N.J. Apr. 4, 2012) (Salas, J.) (holding that quoting the pertinent assignment language was sufficient to carry the pleading burden), *abrogated on other grounds on reconsideration*, 2014 WL 4271970.  The Court grants Horizon's motion to dismiss based on standing as to Mann Anesthesia, without prejudice to reconsideration upon formal motion and submission of appropriate AOB documentation.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that the AOBs signed by Garden State Pain's patients were sufficient to confer standing and accordingly denies Horizon's motion to dismiss. The Court grants, without prejudice, Horizon's motion dismiss as to Mann Anesthesia.  An appropriate order will be entered.

|  |  |
|---|---|
| Date: January 28, 2016 | /s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J. |